**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN SALDANA, | : | |
| | : | Civil Action No. 10-4427 (JAP) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION and ORDER** |
| | : | |
| STATE OF NEW JERSEY, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner pro se
Juan Saldana
Mid State Correctional Facility
P.O. Box 866, Range Road
Wrightstown, NJ 08562

**PISANO**, District Judge

Petitioner has submitted for filing to the Clerk of this Court a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is challenging a conviction in the state courts of New Jersey. In the Petition, he states that his place of confinement is Mid-State Correctional Facility, located in Wrightstown, New Jersey. The New Jersey Department of Corrections Inmate Locator reflects that Petitioner was released from confinement on October 27, 2008. The only named Respondent is the State of New Jersey.

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who

has custody over [the petitioner]."  See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."  Wales v. Whitney, 114 U.S. 5674, 574 (1885) (emphasis added).

> In accord with the statutory language and Wales' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

Rumsfeld v. Padilla, 542 U.S. 426, 434-436 (2004) (citations omitted).[1]  See also Rule 2, Rules Governing Section 2254 Cases in the United States District Court.

In the context of alien detainees, the Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where the detainee is held that is considered the

---

[1] In Padilla, the Supreme Court also noted (1) the open question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation and (2) the implicit exception to the immediate custodian rule in the military context where an American citizen is detained outside the territorial jurisdiction of any district court.  542 U.S. at 435-36, n.8, 9.

> custodian for purposes of a habeas action.  This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body.  That the district director has the power to release the detainees does not alter our conclusion.  Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons.

Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). See also Kholyavskiy v. Achim, 443 F.3d 946 (7th Cir. 2006) (citing Yi, and reaching same result, after Padilla).

Thus, if Petitioner is confined, the warden of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the petition must be dismissed.  Cf. Padilla, 542 U.S. at 441 ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"); Chavez-Rivas v. Olsen, 194 F.Supp.2d 368 (D.N.J. 2002) (where an INS detainee properly files a habeas petition in the district where he is confined, and the INS subsequently transfers the petitioner to a facility outside that district, the United States Attorney General may be deemed a "custodian" to allow the original district court to retain jurisdiction).

The Advisory Committee Notes to Rule 2, of the Rules Governing Section 2254 Cases in the United States District

Courts, observe that the concept of "custody" has been enlarged significantly in recent years and outlines various situations that might arise and who should be named as respondent for each situation.  Where the applicant is confined, as noted above, the warden of the facility is the appropriate respondent.  Where the applicant is on probation or parole due to the state judgment under attack, the named respondent should be the supervising probation or parole officer, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.  Where the applicant is in custody in any other manner due to the challenged judgment, the named respondent should be the attorney general of the state where the judgment was entered.[2]  To the extent Petitioner is not presently physically confined, the State of New Jersey is not a proper respondent.

Whether physically confined, or otherwise in custody, Petitioner has failed to name a proper respondent.

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions."  See also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges

---

[2] Other situations described in the Advisory Committee Notes generally describe "future custody" situations and are not applicable here.

to post-removal-period detention"). Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 500 (1973).

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).[3]

A federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 34, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. § 2243.

In addition, this Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify you of the following consequences of filing such a Petition under the Antiterrorism

---

[3] As a corollary to the exception to the immediate custodian rule for military personnel confined overseas, the Supreme Court has similarly relaxed the district-of-confinement rule when American citizens confined overseas (and thus outside the territory of any district court) have sought relief in habeas corpus. Padilla, 542 U.S. at 447, n.16 (citing Braden, 410 U.S. at 498).

5

and Effective Death Penalty Act ("AEDPA") and to give you an opportunity to file one all-inclusive § 2254 Petition.

Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d).

It is not apparent to the Court whether you intend the Petition you filed to be your one all-inclusive § 2254 Petition. Therefore, you may now tell the Court how you want to proceed by choosing one of the following options and notifying the Clerk of your choice pursuant to the terms of this Notice and Order:  (a) have your pending § 2254 Petition ruled upon as filed, subject only to the substitution of a proper respondent, as ordered herein, or (b) withdraw your pending § 2254 Petition and file one all-inclusive § 2254 petition subject to the one-year statute of limitations.

If you choose option (a) above, then you will lose your ability to file a second or successive petition under § 2254,

absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.

Finally, this Court makes no finding as to the timeliness of the Petition as filed.

It appearing that Petitioner has failed to name a proper respondent;

IT IS, therefore, on this 8th day of September, 2010,

ORDERED that, within 45 days after entry of this Opinion and Order, Petitioner may file with the Clerk a signed letter or other written response advising the Court whether he wishes to proceed with this Petition; and it is further

ORDERED that, within 45 days after entry of this Opinion and Order, Petitioner may file an amended petition naming a proper respondent; and it is further

ORDERED that, if Petitioner does not file a response and an amended petition within the above 45-day period, the Court will rule on the Petition as filed and will enter an Order dismissing the Petition without prejudice for failure to name an indispensable party.

/s/ Joel A. Pisano
Joel A. Pisano
United States District Judge